Polk County *v.* Frederick.

Opinion delivered June 21, 1926.

1.  STATUTES—CLERICAL ERROR.—Under Special Acts 1921, p. 856, creating the office of county collector in Polk County, and providing that the act should take effect in 1922, a provision therein that the collector should be elected in 1908, and every two years thereafter, *held* a clerical error and not to invalidate the act.

2.  STATUTES—PAYMENT OF SALARY OF COUNTY OFFICER.—Though Special acts 1921, p. 856, creating the office of county collector, failed to provide for payment of his salary from any specified fund, the statute is not unenforceable, since the implication is that the salary is to be paid from the general revenue of the county.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*J. R. Campbell, Jr.,* for appellant.

*Pipkin & Frederick,* for appellee.

McCulloch, C. J. The General Assembly of the year 1921 enacted a statute separating the offices of sheriff and collector in Polk County, fixing the compensation of the collector at a salary of two thousand dollars per annum and one-half of the fees and emoluments allowed by law to collectors arising from the collection of delinquent taxes. Special Acts 1921, p. 856. The first section of the statute, which relates to the office of collector, reads as follows:

"Section 1. That the office of collector of Polk County is hereby created, and at the general election held in 1908 for the election of all State, county and township officers whose term of office is fixed by the Constitution of the State at two years, and every two years thereafter, such collector shall be elected and shall qualify as other county officers, and shall give bond in the manner now prescribed by law for the collector of the revenue, and shall hold his office until his successor is elected and qualified. It shall be the duty of said collector to collect all taxes in the manner now prescribed by law for the collection of taxes, and he shall receive as full compensation for all his services a salary of $2,000 per annum, payable

monthly at the end of each month, and, in addition to said sum, he shall be entitled to one-half of the fees and emoluments now allowed by law to collectors arising from the collection by him of delinquent taxes, and out of such sums so received he shall pay all deputies and assistants that may be necessary for the discharge of the duties of his office and all expenses of his office.''

The next section relates to the office of sheriff, and fixes the salary of that office, ''payable monthly out of the general county revenue fund.''  There is a provision in the last section of the statute that the same should take effect and be in force from and after the second Tuesday of November, 1922.

Appellee was elected collector, and the county court refused to allow his salary.  He appealed to the circuit court, where a judgment was rendered allowing appellee his salary, and the county court has prosecuted an appeal to this court.

The contention of counsel for appellant is that the statute is too vague and uncertain in every material respect to be enforceable.  In the first place, it is contended that it is uncertain because of the provision in § 1 in regard to the election of a collector in the year 1908.  That was an obvious clerical error, and should be disregarded.  The statute provides that it shall take effect on the second Tuesday of November, 1922, which necessarily meant that the office of collector should be separate from that of sheriff from and after that date, and that the collector should be elected at each general election.

It is also contended that, because of failure to expressly provide for the payment of the salary out of specified funds, the statute is unenforceable.  The collector is a county officer, and there is a necessary implication that the salary is to be paid by the county, and, that being true, it could only be paid out of the general revenue fund of the county, unless there was legislation directing otherwise.  We think that the language of the statute

is sufficiently definite to render its terms unmistakable, and that the argument of counsel for appellant to the contrary is untenable.

Judgment affirmed.